KELLY, J.
(concurring in the result only). I agree with the result reached by the majority. However, I continue to have concerns with the judicial test for standing this *383 Court adopted in Lee v Macomb Co Bd of Comm’rs, 464 Mich 726, 747; 629 NW2d 900 (2001) (KELLY, J., dissenting).
The test in Lee incorporates the requirements set forth in Lujan v Defenders of Wildlife, 504 US 555; 112 S Ct 2130; 119 L Ed 2d 351 (1992). Under Lee, a plaintiff seeking standing must establish an actual or imminent injury that is concrete and particularized. There must be a causal connection between the defendant’s action and the plaintiffs injury, and the injury must be one for which the court can provide redress. As I stated in my concurrence in result only in Nat’l Wildlife Federation & Upper Peninsula Environmental Council v Cleveland Cliffs Iron Co,[1] I have come to believe that Lee wrongly adopted in toto these federal standing requirements.
By adopting the Lujan “case” and “controversy” rule, the Court creates impediments to access to Michigan courts not found in our Constitution. There is no mandatory particularized injury requirement for standing under either the federal or state constitutions. See my opinion in Nat’l Wildlife, supra at 682-683.
I still believe that Michigan’s standing requirements before Lee were sufficient and that Lee wrongly blocks access to our state courts.

 471 Mich 608, 676; 684 NW2d 800 (2004).